UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MITCHELL JOSEPH ADAMS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **No. 21-1246** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION I** |

ORDER & REASONS

Before the Court is plaintiff Mitchell J. Adams, Jr.'s ("Adams") motion[1] for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). For the reasons discussed below, the Court grants the motion in part and denies it in part.

I. BACKGROUND

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Acting Commissioner of the Social Security Administration ("Commissioner") denying his application for Social Security disability insurance benefits ("DIB") for lack of disability.[2] The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B). The Magistrate Judge issued a Report and Recommendations recommending that the decision denying plaintiff's claim for DIB be vacated and remanded.[3] This Court

---

[1] R. Doc. No. 22.
[2] R. Doc. No. 1.
[3] R. Doc. No. 19.

adopted the recommendation of the Magistrate Judge and remanded this matter for additional proceedings.[4]

Plaintiff then filed the instant motion for attorney's fees and costs, seeking attorney's fees, paralegal fees, and expenses.[5] Plaintiff also requested that the fees be made payable directly to the attorney.[6] The Commissioner filed an opposition to the motion, objecting to the plaintiff's requested hourly rate for attorney time and to the request that the fees be paid directly to the attorney, rather than to the plaintiff.[7] The Commissioner did not object to the amount of hours of attorney time plaintiff claimed, nor to the requests for paralegal fees and expenses.[8] Plaintiff filed a notice of consent to the hourly rate adjustments proposed by the Commissioner.[9]

## II. DISCUSSION

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to Section 405(g), as plaintiff has here, is a prevailing party for purposes of EAJA fee awards. *Joiner v. Colvin*, No. 14-1315, 2015 WL 6442710, at *1 n.7 (E.D. La. Oct. 23, 2015) (Morgan, J.) (citing *Breaux v.*

---

[4] R. Doc. No. 21.
[5] R. Doc. No. 22-1, ¶ 10.
[6] *Id.* ¶ 14.
[7] R. Doc. No. 24, at 1.
[8] *Id.*
[9] R. Doc. No. 25.

2

*U.S. Dept. of Health & Hum. Servs.*, 20 F.3d 1324 (5th Cir. 1994)). As the prevailing party, plaintiff is entitled to fees unless the government shows that its position was substantially justified or that special circumstances make an award unjust. *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1998). Here, the Commissioner does not assert that the government's position was substantially justified or that special circumstances make an award of attorney's fees unjust. The Court therefore finds that the plaintiff is a prevailing party entitled to fees.

The Commissioner objects to the hourly rate originally requested by plaintiff. Plaintiff requests fees and costs in the amount of $6,562.59, reflecting 3.2 hours of attorney work in 2021 at an hourly rate of $214.29 and 23.3 hours of attorney work in 2022 at an hourly rate of $229.05, plus $540 for paralegal fees and $17.58 in expenses. The Commissioner asserts that the hourly rate for plaintiff's attorney's fee award should be based on the Consumer Price Index ("CPI") for the South Urban B/C region, which reflects costs of living in southern cities with fewer than 2.5 million residents. According to this CPI, the appropriate hourly rates for attorneys are $206.55 for work completed in 2021 and $220.66 for work completed in 2022. Plaintiff consented to these reductions,[10] and the Court agrees that use of the CPI rates for the South B/C region for the relevant years is warranted. *See Calhoun v. Saul*, No. 18-9574, 2020 WL 8642054, at *1 (E.D. La. Nov. 25, 2020) (Feldman, J.) (awarding fees according to the South B/C CPI); *Boasso v. Saul*, No. 18-05623, 2019 WL 5212277,

---

[10] *Id.*

at *2 (E.D. La. Oct. 16, 2019) (Zainey, J.) (same). Accordingly, the Court finds that plaintiff is entitled to $5,802.34 in attorney's fees, reflecting 3.2 hours at $206.55 per hour and 23.3 hours at $220.66 per hour, in addition to $540.00 in paralegal fees and $17.58 in expenses, for a total award of $6,359.92.

The Commissioner also objects to the plaintiff's request to make the fee award payable directly to his attorney. Attached to plaintiff's motion is a document entitled "Affirmation and Waiver of Direct Payment of EAJA Fees," which states "I hereby agree to waive direct payment of the EAJA fees and assign said fees to be paid directly to my attorney."[11] The Commissioner correctly points out that EAJA fees are "payable to the litigant," not to his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 588 (2010); *accord Wigginton v. Soc. Sec. Admin.*, No. 19-11418, 2021 WL 3852293, at *3 (E.D. La. Aug. 27, 2021) (Brown, J.) (declining to make fees payable directly to the attorney despite plaintiff's "assignment of EAJA fees and expenses to her attorney" (internal quotations omitted)); *Calhoun v. Saul*, No. 18-9574, 2020 WL 8642054, at *1 (E.D. La. Nov. 25, 2020) (Feldman, J.); *Boasso v. Saul*, No. 18-05623, 2019 WL 5212277, at *2 (E.D. La. Oct. 16, 2019) (Zainey, J.) (citing *Jackson v. Astrue*, 705 F.3d 527, 530–31 (5th Cir. 2013) (further citations omitted)). Accordingly, the Court orders that attorney's fees are to be made payable to plaintiff rather than his attorney.

### III. CONCLUSION

For the foregoing reasons,

---

[11] R. Doc. No. 22-7, at 2.

**IT IS HEREBY ORDERED** that plaintiff's motion for attorney's fees is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that plaintiff, Mitchell J. Adams, Jr., is awarded fees and costs in the amount of $6,359.92, representing $5,802.34 in attorney's fees, $540.00 in paralegal fees, and $17.58 in expenses.

**IT IS FURTHER ORDERED** that attorney's fees are to be made payable to plaintiff, not plaintiff's counsel.

New Orleans, Louisiana, September 9, 2022.

_____
                    **LANCE M. AFRICK**
           **UNITED STATES DISTRICT JUDGE**